The document below is hereby signed.

Signed: February 4, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DONALD THEODORE ROTUNDA, | ) | Case No. 09-00626 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO VACATE ORDER REOPENING CASE

Marriott International, Inc. is the defendant to a cause of action pursued by the debtor in the Superior Court for the District of Columbia. The cause of action, as Marriott acknowledges, is property of the estate because the debtor neglected to schedule the cause of action and it was never abandoned to the debtor. The case was closed without the trustee administering the cause of action, and the trustee was discharged. Unless the case is reopened, and a trustee appointed anew, the cause of action is dead in its tracks because the debtor is not the owner of the cause of action and thus not the real party in interest. Understandably, Marriott, as the target of the cause of action, would like to have the case not be reopened.

Marriott seeks to vacate the court's order that reopened the case to permit a trustee to be appointed to investigate pursuing the cause of action. Marriott asserts that it should have been allowed to oppose the debtor's motion to reopen, and that judicial estoppel bars the debtor from obtaining a reopening of the case. I disagree.

Although the debtor may be judicially estopped from recovering from Marriott, the trustee who is to be appointed will not be judicially estopped. *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc); *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1155 n.3 (10th Cir. 2007); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 387 (5th Cir. 2008). The to-be-appointed trustee should be allowed to investigate the cause of action and decide whether, for the benefit of creditors, he should pursue the cause of action. Accordingly, once the court learned that there was an asset of the estate that had not been administered, it was entirely within the court's discretion to reopen the case, without awaiting a response from Marriott as the target of the cause of action, so that a previously unadministered asset might now be administered. Section 350(b) of the Bankruptcy Code (11 U.S.C.) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause," and,

unlike many other provisions of the Bankruptcy Code, contains no requirement that the court act only "after notice and a hearing" (a term defined in 11 U.S.C. § 102(1)).  Marriott was not entitled to an opportunity to oppose the motion.

That the motion to reopen was filed by the debtor, and not by a creditor of the estate (or by the previous trustee who was discharged upon the closing of the case and no longer had the status of a trustee) does not alter this.  This follows for several reasons.

First, it makes no sense that the creditors or the no-longer-serving previous trustee should be required to go to the expense of seeking to reopen a case to administer an asset when the debtor voluntarily assumes that burden.  The previous trustee may no longer be around, and there may be so many creditors that no creditor has a right of pro rata distribution from the estate at a sufficiently high percentage that it makes economic sense for any creditor to foot the expense of seeking to reopen the case.

Second, it is premature to adjudicate the defense of judicial estoppel to the cause of action, and the issue might never arise.  The defense must be raised in the forum in which the cause of action is pursued.  Because of statute of limitations defenses, the cause of action (by whomever pursued) is likely to be pursued only in the pending Superior Court civil

action, and this court would not have occasion to rule on the issue.  Indeed, if the cause of action is abandoned to the debtor, this court would lack subject matter jurisdiction under 28 U.S.C. § 1334 to rule on the judicial estoppel defense to the cause of action because the cause of action would have no impact on the administration of the estate.  The issue could arise upon the trustee pursuing the cause of action for a recovery that exceeds the amount required to satisfy all claims against the estate (because judicial estoppel could be raised as a defense to the debtor's receiving any surplus).  Nevertheless, the amount sought from Marriott is, according to Marriott, only $1,500, an amount so small that it is unlikely that a recovery by the trustee would exceed allowed claims in the case.  Accordingly, the issue might never arise.  The issue could also arise upon the trustee's abandoning the asset to the debtor, but abandonment has not yet occurred.

   Fourth, there will be no prejudice to Marriott in reopening the case, as its defenses to the debtor's obtaining any recovery pursuant to the cause of action will remain unaltered whether the trustee pursues the cause of action, or the cause of action is abandoned to the debtor, or the case is closed with the cause of action having been neither pursued by the trustee nor abandoned

to the debtor.[1]  Marriott has no standing as a target of the cause of action to be heard on the issue of allowing a trustee to administer the cause of action.

Finally, I reject as irrelevant Marriott's contention that because the potential recovery is capped at $1,500, the trustee will not pursue such a small recovery, and thus the motion to reopen is in furtherance of the debtor's attempt to pursue a recovery barred to him by judicial estoppel.  That the trustee might decide that the cause of action is not worth pursuing is a decision for the trustee to make, and not for the court to make.[2] Moreover, Marriott's contention that judicial estoppel bars reopening because the motion to reopen is in furtherance of the debtor's pursuit of the cause of action is confusing two different issues:

---

[1]  If the debtor does not amend his schedules to include the cause of action (*see* n.2, *infra*), the cause of action, upon the closing of the case, would not be abandoned by operation of 11 U.S.C. § 554(c).

[2]  The debtor's right to amend his schedules at any time terminated upon the closing of the case. Fed. R. Bankr. P. 1009(a) (permitting amendment "as a matter of course at any time before the case is closed").  If the right to amend as a matter of course does not resume anew in the reopened case, only upon a showing of excusable neglect would the debtor now be allowed to amend his schedules to schedule this asset and claim an exemption as to it.  *See In re Wilmoth*, 412 B.R. 791, 797-98 (E.D. Va. 2009).  That the trustee would be entitled to oppose any motion to enlarge the time to amend the schedules to add a cause of action as an asset does not mean that the target of the cause of action (an outsider with no stake in the estate) would have standing to oppose amendment of the schedules.

5

- first, whether the case should be reopened so that, as contemplated by § 350(b), the cause of action can be administered, and
- second, whether, upon the cause of action being pursued by a real party in interest, the defense of judicial estoppel applies to bar any recovery by the debtor.

The only issue before the court is the first issue, and § 350(b) clearly warrants reopening so that administration of the cause of action can proceed (even if that administration results in the cause of action being abandoned to the debtor). A decision regarding judicial estoppel ought to be left to the court in which the cause of action is pursued, not by this court in ruling on a motion to reopen directed at permitting a previously unadministered asset to be administered. I decline to become embroiled in the issue of whether judicial estoppel bars any recovery by the debtor when that issue is not yet procedurally ripe and will have no impact on the administration of the estate (except to the extent that the trustee seeks to recover more than is necessary to satisfy allowed claims in the case).

Accordingly, I fail to see how the filing of the motion to reopen by the debtor (as opposed to by a creditor or a former trustee) should alter the outcome. I respectfully decline to follow *In re Walker*, 323 B.R. 188 (S.D. Tex. 2005), which denied a debtor's motion to reopen a case to permit an unscheduled cause

of action to be administered.[3]

In light of the foregoing, it is

ORDERED that Marriott International, Inc.'s Motion to Vacate Order Granting Debtor's Motion to Reopen Bankruptcy Case is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification.

---

[3] The decision in *In re Walker*, 323 B.R. at 198 n.9, misconstrued *Superior Crewboats Inc. v. Primary P & I Underwriters (In re Superior Crewboats)*, 374 F.3d 330 (5th Cir. 2004), as mandating that result. The Fifth Circuit's later decisions in *Kane* and *Reed* make clear that *In re Walker* misconstrued *Superior Crewboats*. They both hold that *Superior Crewboats* does not require applying judicial estoppel when the purpose of the motion to reopen is to permit an unscheduled cause of action that was not abandoned by the trustee to be administered, as contemplated by § 350(b). *See Kane*, 535 F.3d at 386 (distinguishing *Superior Crewboats* as not involving a motion to reopen and as involving a trustee who had abandoned the cause of action, after the debtors told him it was barred by the statute of limitations, such that the cause of action was no longer property of the estate, and the trustee was no longer a real party in interest); *Reed*, 650 F.3d at 578 (same).